UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
TACOMA DIVISION

| | |
|---|---|
| Angela Kee<br>5312 S. Cedar S.t.<br>Tacoma, WA 98409<br><br>and<br><br>Angela Gustin<br>7827 S. Ainsworth Ave.<br>Tacoma, WA 98408<br><br>    Plaintiff,<br><br>v.<br><br>Evergreen Professional Services, Inc.<br>c/o Kenneth A. Ross, Registered Agent<br>12100 NE 195th St., #325<br>Bothell, WA 98011<br><br>    Defendant. | Case No **C09 5130 RJB**<br><br>Judge:<br><br><br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, INVASION OF PRIVACY AND OTHER EQUITABLE RELIEF**<br><br><br>**JURY DEMAND ENDORSED HEREIN** |

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692. Venue is proper in this district because this is the judicial district where all of the events giving rise to the cause of action took place.

## FACTS COMMON TO ALL COUNTS

2. Plaintiff Angela Kee ("Kee") is a person who incurred a consumer debt primarily for personal, family or household purposes.

3. Defendant is a corporation doing business primarily as a consumer debt collector.

4. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

5. Plaintiff Kee is a "consumer" as defined by 15 U.S.C. §1692a(3).

1

6. The debt in question qualifies as a "debt" as defined by 15 U.S.C. §1692a(5).

7. Plaintiff Angela Gustin ("Gustin") is a coworker of Kee.

8. Defendant is either the holder of the debt or was retained by the current holder to collect the debt.

9. Plaintiffs filed this claim within the timeframe permitted under the FDCPA.

10. On or around August 26, 2008, Defendant telephoned Kee's place of employment.

11. During this communication, Kee notified Defendant that Kee was not permitted to receive Defendant's telephone calls at Kee's place of employment and/or that it was inconvenient for Kee to receive Defendant's telephone calls at Kee's place of employment.

12. During this communication, Kee notified Defendant that Kee was represented by an attorney for purposes of filing bankruptcy and provided the attorney's contact information.

13. Despite the above notices, on or around August 26, 2008, Defendant telephoned Kee's place of employment.

14. During this communication, Defendant spoke with Gustin.

15. During this communication, Defendant failed to verify that Gustin's identity.

16. During this communication, Defendant represented to Gustin that, unless Gustin paid the debt, Defendant was going to sue Gustin.

17. During this communication, as a result of Defendant's threats, Gustin agreed to pay the debt and provided Defendant with Gustin's bank account information.

18. During this communication, Defendant discovered that Gustin was not Kee.

19. After this communication, although Defendant knew that Gustin was not Plaintiff, Defendant withdrew money from Gustin's bank account.

20. Despite requests, Defendant refuses to reimburse Gustin.

21. Defendant damaged Plaintiffs emotionally and mentally and caused Plaintiff substantial anxiety and stress.

22. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

23. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

24. In demanding payment in the amount that it did, Defendant violated 15 U.S.C. §1692e(2) in that it falsely represented the character and amount of the debt.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

25. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

26. The Defendant violated 15 U.S.C. §1692c in that it contacted a third party and disclosed the existence, nature and/or amount of the debt.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

27. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

28. The Defendant violated 15 U.S.C. §1692c in that it contacted a third party and failed to comply with 15 U.S.C. §1692b.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

29. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

30. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect a debt.

## COUNT FIVE

**Violation of the Fair Debt Collection Practices Act**

31. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

32. The Defendant violated 15 U.S.C. §1692e, generally, by having non-attorneys overtly state that they could control the decision to litigate and the timing and scope of the litigation, when in fact this would be an attorney decision.

## COUNT SIX

**Violation of the Fair Debt Collection Practices Act**

33. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

34. The Defendant violated 15 U.S.C. §1692e in that it threatened legal action where such action was not contemplated, and stated for the sole purpose of terrifying the Plaintiffs.

## COUNT SEVEN

**Violation of the Fair Debt Collection Practices Act**

35. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

36. The Defendant violated 15 U.S.C. §1692e by making misrepresentations during its conversations with Plaintiffs.

## COUNT EIGHT

**Invasion of Privacy by Public Disclosure of a Private Fact**

37. Kee incorporates each of the preceding allegations as if specifically stated herein.

38. Defendant released information which was private to Kee and concerned Kee's private life to Gustin (Plaintiff's co-worker).

39. The disclosure of Kee's debt and the threat of legal action to these parties is highly offensive.

40. The information disclosed is not of legitimate concern to the public.

## JURY DEMAND

41. Plaintiffs demand a trial by jury.

## PRAYER FOR RELIEF

42. Plaintiffs pray for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages pursuant to 15 U.S.C. §1692k and costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. Judgment, in an amount to be determined at trial, against Defendant for the Public Disclosure of a Private Fact.

    c. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Legal Helpers, P.C.

By: *[signature]*
Lawrence S. Lofgren (Bar No. 34058)
600 Stewart St, Ste 724
Seattle, WA 98101
Tel: 1.866.339.1156
Fax: 1.312.822.1064
Email: llo@legalhelpers.com
*Attorney for Plaintiff*

# LEGAL HELPERS, PC™

### America's Consumer Law Firm

Lawrence S. Lofgren, Esq.
206-770-0444
llo@legalhelpers.com

February 25, 2009

C09 5130 RJB

U.S. District Court
Union Station Courthouse
1717 Pacific Avenue
Tacoma, WA 98402

FILED
RECEIVED  LODGED
MAR 09 2009
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY_____ DEPUTY

Dear Clerk:

Enclosed, please find:
(1) The original and three (3) copies the Cover Sheet,
(2) The original and three (3) copies of the Complaint,
(3) Check in the amount of $350.00.

Please file the Complaint and return the Time Stamped copies to my firm headquarters in the enclosed envelope. If you have any questions, please feel free to contact me.

Very Truly,

*Lawrence Lofgren*

Lawrence S. Lofgren