**Honorable Robert J. Bryan**

# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| Angela Kee <br> 5312 S. Cedar St. <br> Tacoma, WA 98409 <br><br> and <br><br> Angela Gustin <br> 7827 S. Ainsworth Ave. <br> Tacoma, WA 98408 <br><br> Plaintiff, <br><br> v. <br><br> Evergreen Professional Recoveries, Inc. <br> c/o Kenneth A. Ross, Registered Agent <br> 12100 NE 195th St. #325 <br> Bothell, WA 98011 <br><br> Defendant. | No. C09-5130 RJB <br><br> DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT <br> (DISMISSAL OF CLAIMS OF KEE ONLY) <br><br> NOTE ON MOTION CALENDAR: <br> FRIDAY, AUGUST 14, 2009 |

## I.
## NATURE OF MOTION

DEFENDANT'S MOTION
FOR PARTIAL SUMMARY
JUDGMENT - 1
C09-5130 RJB

Luke, Casteel & Olsen, PSC
3400 188th Street SW, Suite 484
Lynnwood, WA 98037
425-744-0411
425-771-3490 (Facsimile)

Defendant moves for partial summary judgment under Rule 56 as Plaintiff Kee is judicially estopped from pursuing claims which she did not list in her Bankruptcy case.

## II.
## UNDISPUTED FACTS

The alleged FDCPA violations giving rise to this cause of action occurred in 2008. Ms. Kee, through her counsel, sent a demand letter to Defendant in September, requesting compensation of $10,000. Plaintiffs filed this FDCPA case on March 9, 2009. However, prior to this filing, Plaintiff Kee commenced Chapter 7 Bankruptcy proceedings under Cause No. 09-40947-PBS. Ms. Kee's petition was filed on February 13, 2009. She listed over $12,000 in unsecured debt, including her debt to Defendant., but nowhere in her schedule of assets did she list an FDCPA claim or any other cause of action. The Trustee filed a "No Distribution Report" on April 28, 2009. Ms. Kee received a discharge on June 2, 2009 and the case was closed on June 8, 2009

Defendant's counsel wrote to Ms. Kee's counsel on June 17, 2009 and requested that Ms. Kee voluntarily dismiss her claims, based on judicial estoppel. Ms. Kee subsequently filed "Amended Schedules" listing the value of her FDCPA

DEFENDANT'S MOTION  
FOR PARTIAL SUMMARY  
JUDGMENT - 2  
C09-5130 RJB  

Luke, Casteel & Olsen, PSC  
3400 188th Street SW, Suite 484  
Lynnwood, WA 98037  
425-744-0411  
425-771-3490 (Facsimile)

claim at $3,000.

## III.
## ARGUMENT AND LEGAL AUTHORITY

The purpose of summary judgment is to avoid unnecessary trials where no dispute exists as to the material facts of the case. *Zweig v. Hearst Corp.*, 521 F.2d 1129 (9th Cir.), *cert. denied*, 423 U.S. 1025 (1975). Summary judgment should be granted in this case as Plaintiff Kee is judicially estopped from pursuing her claims.

Judicial estoppel an equitable doctrine that precludes a party from gaining an advantage by asserting one position, and then later taking, to her benefit, a clearly inconsistent position. See *Rissetto v. Plumbers & Steamfitters Local 343*, 94 F.3d 597, 600-601 (9th Cir. 1996). Judicial estoppel may be invoked not only to prevent a party from gaining an advantage by taking inconsistent positions, but also because of "general consideration[s] of the orderly administration of justice and regard for the dignity of judicial proceedings," and to "protect against a litigant playing fast and loose with the courts." *Russell v. Rolfs*, 893 F.2d 1033, 1037 (9th Cir. 1990).

The court considers three factors in deciding whether to exercise its discretion in applying the doctrine of judicial estoppel in a particular case. *New*

DEFENDANT'S MOTION
FOR PARTIAL SUMMARY
JUDGMENT - 3
C09-5130 RJB

Luke, Casteel & Olsen, PSC
3400 188th Street SW, Suite 484
Lynnwood, WA 98037
425-744-0411
425-771-3490 (Facsimile)

*Hampshire v. Maine*, 532 U.S. 742, 750-51 (2001); *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782-83 (9th Cir. 2001). "First, a party's later position must be 'clearly inconsistent' with its earlier position." *Hamilton*, at 782. Second, the party must have "succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create 'the perception that either the first or the second court was misled.'" *Id.* Third, the court must determine "whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *Id.* at 783.

The Ninth Circuit has applied judicial estoppel in the bankruptcy context to prevent plaintiffs from asserting relevant claims that they failed to disclose during bankruptcy proceedings. *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 784 (9th Cir. 2001); *Hay v. First Interstate Bank of Kalispell*, 978 F.2d 555 (9th Cir. 1992). "In the bankruptcy context, a party is judicially estopped from asserting a cause of action not raised in a reorganization plan or otherwise mentioned in the debtor's schedules or disclosure statements." *Hamilton*, at 783 (citing *Hay*, at 557).

Other Circuits follow this doctrine as well. *In re Coastal Plains, Inc.*, 179 F.3d 197, 208 (5th Cir. 1999), *Oneida Motor Freight, Inc. v. United Jersey Bank*,

DEFENDANT'S MOTION
FOR PARTIAL SUMMARY
JUDGMENT - 4
C09-5130 RJB

Luke, Casteel & Olsen, PSC
3400 188th Street SW, Suite 484
Lynnwood, WA 98037
425-744-0411
425-771-3490 (Facsimile)

848 F.2d 414, 419 (3d Cir. 1988).

    Plaintiff Kee clearly asserted inconsistent positions in the two proceedings. She failed to list the FDCPA claim against Defendant as an asset on her bankruptcy schedule and received a discharge, but clearly knew of her claim prior to the bankruptcy filing. She later brought this suit against Defendant on the same claim.

    At the commencement of bankruptcy the debtor must disclose all of her assets to be included in the bankruptcy estate for the benefit of creditors. 11 USC § 521(a)(1); see also *Cusano v. Klein*, 264 F.3d 936, 945-46 (9th Cir. 2001). The bankruptcy estate includes all the debtor's potential claims or causes of action that existed at the time she filed for bankruptcy. 11 U.S.C. § 541(a)(1); see also *In re Swift*, 129 F.3d 792, 795 (5th Cir. 1997); *Coastal Plains*, 179 F.3d at 207-08.

    Here, Plaintiff Angela Kee, in her voluntary petition, stated under penalty of perjury:

> "Other contingent and unliquidated claims of every nature . . . "
> "None."

*Declaration of Counsel*, Ex. 2 (Schedule B of Petition)

    Ms. Kee did not list an FDCPA claim (or any other cause of action) anywhere in her bankruptcy schedules, although she knew of the alleged claim(s)
DEFENDANT'S MOTION
FOR PARTIAL SUMMARY
JUDGMENT - 5
C09-5130 RJB

Luke, Casteel & Olsen, PSC
3400 188th Street SW, Suite 484
Lynnwood, WA 98037
425-744-0411
425-771-3490 (Facsimile)

prior to her Chapter 7 petition filing date of February 13, 2009. Therefore, she is now judicially estopped from asserting a cause of action that she did not disclose to the Bankruptcy Court, the U.S. Trustee or her creditors.

The fact that Ms. Kee filed Amended Schedules (which represent the claim as worth $3,000 rather than the $10,000 she demanded pre-suit) has no bearing on the judicial estoppel. In a strikingly similar case it was noted:

> "Plaintiff Allers-Petrus, filed her bankruptcy petition with full knowledge that she had a FDCPA claim against Columbia. Plaintiff did not seek to amend her schedule of assets until after her plan had been confirmed[.] It is the failure to disclose assets on her bankruptcy schedules that provides the most compelling reason to bar the prosecution of her claims".

*Order Granting Defendant's Motion for Summary Judgment*,
*Allers-Petrus v. Columbia Recovery Group, LLC*,
Cause No. C08-5533 FDB, Western Dist. of Washington at Tacoma.

## III.
## CONCLUSION

Defendant requests that partial summary judgment be granted, dismissing the claims of Plaintiff Kee, and that Defendant be allowed to move for an award of fees and costs.

DATED THIS 24th day of July, 2009.

DEFENDANT'S MOTION
FOR PARTIAL SUMMARY
JUDGMENT - 6
C09-5130 RJB

Luke, Casteel & Olsen, PSC
3400 188th Street SW, Suite 484
Lynnwood, WA 98037
425-744-0411
425-771-3490 (Facsimile)

LUKE, CASTEEL & OLSEN, PSC

/s/ Kimberlee Walker Olsen
Kimberlee Walker Olsen, WSBA # 28773
Attorney for Defendant

CERTIFICATE OF SERVICE

I, Kimberlee Walker Olsen, certify that on July 24, 2009, I electronically sent, via ECF, true and correct copies of:

1. Defendant's Motion for Summary Judgment/Note on Motion Calendar;
2. Declaration of Counsel with attached Exhibits 1-5; and
3. [Proposed] Order Granting Defendants' Motion for Summary

to the following:

Richard J. Meier, rjm@legalhelpers.com
Lawrence Lofgren, llo@legalhelpers.com
Attorneys for Plaintiffs Kee and Gustin

Z:\Client Files\KWO\Evergreen Prof Recov\Kee .02\def motion for partial sum jud.wpd

DEFENDANT'S MOTION
FOR PARTIAL SUMMARY
JUDGMENT - 7
C09-5130 RJB

Luke, Casteel & Olsen, PSC
3400 188th Street SW, Suite 484
Lynnwood, WA 98037
425-744-0411
425-771-3490 (Facsimile)