UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
TACOMA DIVISION

| | |
|---|---|
| Angela Kee, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>Evergreen Professional Recoveries, Inc.,<br><br>    Defendant. | **Case No 3:09-cv-05130-RJB**<br><br><br><br>**PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |

Now come Plaintiffs, by and through counsel, and respectfully submit their response to Defendant's Motion for Partial Summary Judgment with respect to Plaintiff Angela Kee's claims. Defendant's Motion puts forth the position that, since her FDCPA claims were not listed on Plaintiff Kee's bankruptcy petition, Plaintiff Kee forfeited those claims. Defendant's Motion should be denied since the omission was due to an inadvertent error that was not Ms. Kee's fault, provided no benefit to Ms. Kee, and did not prejudice any party. Further reasons in support of Plaintiffs' response are included in the attached Memorandum in Support.

RESPECTFULLY SUBMITTED,

Legal Helpers, P.C.

By:/*s/ Richard J. Meier*
Richard J. Meier
233 S. Wacker Drive, Suite 5150
Chicago, IL 60606
Tel: 1.866.339.1156
Fax: 1.312.822.1064
rjm@legalhelpers.com
*Attorney for Plaintiffs*

**MEMORANDUM IN SUPPORT**

I-     BRIEF STATEMENT OF FACTS

Plaintiff Angela Kee and Plaintiff Angela Gustin are co-workers.[1]  On or about August 26, 2008, Defendant telephoned Plaintiffs' place of employment and spoke to Ms. Kee.[2]  During this communication, Ms. Kee notified Defendant that she was not allowed to receive Defendant's telephone calls at her place of employment.[3]  Ms. Kee further notified Defendant that she was represented by an attorney for purposes of filing bankruptcy, and provided her attorney's contact information to Defendant.[4]  Later that same day, despite the foregoing notifications, Defendant telephoned Plaintiffs' place of employment again.[5]

In this second communication, Defendant spoke with Ms. Gustin and, without attempting to verify her identify, proceeded to intimidate and threaten Ms. Gustin about Ms. Kee's debt.[6]  Defendant was so aggressive and convincing that Ms. Gustin agreed to pay Ms. Kee's debt and provided Defendant with her bank account information.[7]  After Ms. Gustin provided her bank account information to Defendant, Defendant discovered that Ms. Gustin was not Ms. Kee.[8]  Despite having knowledge that the bank account information was not Ms. Kee's, Defendant wrongfully withdrew the funds from Ms. Gustin's bank account.  In light of the foregoing, both Ms. Kee and Ms. Gustin retained Legal Helpers, P.C. ("Legal Helpers") to pursue claims under the Fair Debt Collection Practices Act ("FDCPA").

In representing the Ms. Kee and Ms. Gustin, September 26, 2008, Legal Helpers sent a pre-suit settlement demand letter along with a draft of the complaint to Defendant.  However,

---

[1] Complaint ¶ 7.
[2] Complaint ¶¶ 10.
[3] Complaint ¶ 11.
[4] Complaint ¶ 12.
[5] Complaint ¶ 13.
[6] Complaint ¶¶ 15-16.
[7] Complaint ¶ 17.

Defendant ignored Plaintiffs' demand letter and Plaintiffs' counsel prepared this case to be filed, which it did on March 11, 2009. In the meantime, on February 13, 2009, Ms. Kee filed a Chapter 7 bankruptcy petition that, due to an inadvertent error by her bankruptcy attorneys, did not list this action in the schedules of her petition. This omission, however, was corrected on June 17, 2009, with the bankruptcy trustee's knowledge and assent.[9] In amending her petition, Ms. Kee used her remaining exemptions to prevent the anticipated proceeds from becoming part of the bankruptcy estate. Therefore, the amendments did not affect the bankruptcy estate and provided no benefit or detriment to the trustee, the court, or any of Ms. Kee's creditors.

II- <u>LAW AND ARGUMENT</u>

**A- Legal Standard**

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment is appropriate when "there is no genuine issue of material fact and… the movant is entitled to judgment as a matter of law." Here, Defendant avoids the facts of this case and, instead, argues that it is entitled to judgment as a matter of law because Plaintiff is judicially estopped from proceeding with her FDCPA claims.[10]

Judicial estoppel "is an equitable doctrine that precludes a party from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position." *Hamilton v. State Farm Fire & Casualty Company*, 270 F.3d 778 (9th Cir. 2001) (*citing Rissetto v. Plumbers & Steam fitters Local 343,* 94 F.3d 597, 600-601 (9th Cir. 1996). In determining whether to apply the doctrine of judicial estoppel, the United States Supreme Court identified three factors to be considered:

---

[8] Complaint ¶ 19.
[9] Declaration of Counsel ¶ 7. Attached as Exhibit A.
[10] Defendant's Motion for Partial Summary Judgment, p. 3.

> First, a party's later position must be 'clearly inconsistent with its earlier position.' (citations omitted). Second,…judicial acceptance of an inconsistent position in a later proceeding would create 'the perception that either the first or the second court was misled.' (citations omitted). [T[hird,…whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party is estopped. (citations omitted). *New Hampshire v. Maine*, 532 U.S. 742, 121 S.ct. 1808 (2001).

The *New Hampshire* court, however, cautioned that it "[did] not establish inflexible prerequisites or an exhaustive formula for determining the applicability of judicial estoppel. Additional considerations may inform the doctrine's application in specific contexts." *New Hampshire*, 532 U.S. 742. In its Motion, Defendant argues that Plaintiff is judicially estopped from pursuing her FDCPA claims since they were not listed on her bankruptcy petition. As demonstrated below, the Doctrine of Judicial Estoppel should not be applied in this case and Defendant's Motion should be denied.

### B- Defendant's Motion Should Be Denied Since Ms. Kee's Failure To List This Action On The Schedules Of Her Bankruptcy Petition Was An Inadvertent Error

In Washington, several cases recognize that "judicial estoppel 'may not apply in cases of simple error or inadvertence'" *Skinner v. Holgate*, 141 Wash.App. 840, 853-54 (C.A. 2 2007) (emphasis added) (citing *Cunningham v. Reliable Concrete Pumping, Inc.*, 126 Wash. App. 222, 234, 108 P.3d 147 (2005); *see also Johnson v. SI-COT, Inc.*, 107 Wash. App. 902 (2001); *see also Burnes v. Pemco Aeroplx, Inc.*, 291 F.3d 1282, 1287 (11th Cir. 2002). The failure to disclose an asset on a bankruptcy petition is inadvertent "only when, in general, the debtor either lacks knowledge of the undisclosed claims *or has no motive for [the] concealmen*t.'" *Skinner*, 141 Wash.App at 853-54 (emphasis added).

In the case at hand, Ms. Kee had no reason to omit listing this action on the schedules of her bankruptcy petition and derived no benefit by the omission. In Washington, a bankruptcy

petitioner is granted a number of exemptions that can be used to protect certain assets from her unsecured creditors; which can be used for any qualifying asset without input from her unsecured creditors. When Ms. Kee filed her original bankruptcy petition, she had sufficient unused exemptions to prevent any potential recovery from becoming part of the bankruptcy estate. Since she was able to protect her FDCPA claims, there was no reason for Ms. Kee not to include them on the schedules of her bankruptcy petition. In fact, the only reason the FDCPA claims where not listed was because of a clerical error in the preparation of her bankruptcy petition.[11] When the omission was brought to the attention of Ms. Kee's attorneys, Ms. Kee's bankruptcy petition was promptly corrected to list this action as an asset, along with using her remaining exemptions. In correcting the omission, Ms. Kee's attorneys explained the amendments to the bankruptcy trustee and obtained the trustee's consent to the amendments. The amendments had no effect on the assets available for liquidation and distribution to Ms. Kee's creditors and did not change the basis upon which the discharge was granted.

Given the exemptions available to Ms. Kee, this action would never have become an asset of the estate to be administered by the trustee. As such, Kee had no motive to refrain from disclosing her FDCPA claims on the schedules of her bankruptcy petition and derived no benefit from the omission. The inadvertent error provided not benefit to Ms. Kee nor did it injure any of Ms. Kee's creditors; therefore, pursuant to Washington's laws, judicial estoppel should not be applied in this case; Defendant's Motion for Summary Judgment on Ms. Kee's claims should be denied.

In its Motion, Defendant offers *Hamilton* as its apparent case in chief but such reliance is misplaced. In *Hamilton*, Mr. Hamilton claimed a $160,000 vandalism loss on his bankruptcy petition but did not list a corresponding insurance claim, which was instrumental in securing a

---

[11] See Declaration of Counsel.

discharge of his debts. 270 F.3d at 781. Subsequent to the discharge, the trustee began investigating the large vandalism loss on Mr. Hamilton's petition and specifically inquired about any possible insurance claims. *Id.* At first, Mr. Hamilton ignored the trustee's inquiries and then gave evasive answers in response to trustee's inquiries. *Id.* Based on Mr. Hamilton's conduct, the trustee moved the bankruptcy court to dismiss the bankruptcy and vacate the discharge of Mr. Hamilton's debts, which the court did in July of 1998. *Id.* Then, in October of 1998, Mr. Hamilton filed a lawsuit against State Farm Fire & Casualty Company ("State Farm") to recover his alleged vandalism loss. *Id.* State Farm, however, moved to dismiss the action under the doctrine of judicial estoppel because Mr. Hamilton's failed to list the potential insurance claim on his bankruptcy petition. 270 F.3d at 7812. The Court granted State Farms' motion and dismissed because Mr. Hamilton failed "to amend his bankruptcy schedules…and then persisting in his attempts to recover on the claims against State Farm." *Id.*

  The case at hand is clearly distinguishable. In the case at hand, Ms. Kee <u>did</u> amend her bankruptcy schedules to correct the inadvertent omission. Further, contrary to *Hamilton*, since her FDCPA claims would never have been part of the bankruptcy estate, Ms. Kee's discharge was not predicated on the omission. Further still, there is no evidence that Ms. Kee purposely avoided the trustee's inquiries about the omitted asset - no such evidence exists.

  In further support of its Motion, Defendant cites *Allers-Petrus v. Columbia Recovery Group, LLC*, 2009 WL 799676 (W.D. Wash 2009),[12] but *Allers-Petrus* is also distinguishable from the case at hand. In *Allers-Petrus*, which relies heavily on *Hamilton*, the court granted Defendant's Motion for Summary Judgment on the basis of judicial estoppel because Ms. Allers-Petrus failed to disclose her FDCPA claims as an asset in her Chapter 13 bankruptcy petition. *Id.* at *2. After the Chapter 13 plan was confirmed but before the discharge was obtained, Ms.

Allers-Petrus amended the schedules of her petition and filed an action against Defendant. *Id.* In granting Defendant's motion, the court reasoned that the omission impaired the interests of the creditors and the considerations of the bankruptcy court. *Id.* at *3. Since Ms. Allers-Petrus filed a Chapter 13 bankruptcy petition, which creates a repayment plan based on the assets listed in the petition, the omission benefited to Ms. Allers-Petrus through a lower payment than would have otherwise been calculated. *Id.* Notably, in *Allers-Petrus*, there is no discussion of any applicable exemptions.

      Here, contrary to *Allers-Petrus*, Ms. Kee filed a Chapter 7 bankruptcy petition, which involves a liquidation of her non-exempt assets and a complete discharge of her eligible debts. Due to her ability to protect her FDCPA claims through the remaining exemptions, if the action was listed in her original petition, Ms. Kee's non-exempt assets would remain unchanged. Ms. Kee's creditors suffered no prejudice or injury since accurate disclosure of her FDCPA claims would not have increased the assets available to be liquidated. Ms. Kee had no motive to avoid disclosing the action and received no benefit from the omission. Such omission was an inadvertent error that precludes the application of judicial estoppel. *See. Skinner v. Holgate*, 141 Wash. App. 840, 853-54 (C.A. 2 2007); *see also Johnson v. SI-COT, Inc.*, 107 Wash. App. 902 (2001); *Burnes v. Pemco Aeroplx, Inc.*, 291 F.3d 1282, 1287 (11th Cir. 2002).

III-    <u>CONCLUSION</u>

      Plaintiffs respectfully request that Defendant's Motion for Partial Summary Judgment be denied. Defendant is not entitled to summary judgment since, under Washington's laws, judicial estoppel does not apply in cases of inadvertent error. The omission of the above-captioned matter from Ms. Kee's bankruptcy petition was an inadvertent error that did not benefit Ms. Kee or prejudice any of her unsecured creditors. Moreover, the omission was not due to Ms. Kee's

---

[12] Defendant's Motion for Partial Summary Judgment, p. 6.

conduct. Since Ms. Kee had plenty of unused exemptions, had the action been disclosed in the original bankruptcy petition, the matter would never been part of the bankruptcy estate and would never have been subject to liquidation. The fact remains that Ms. Kee had no motive for the omission and derived no benefit from it, which was due to an inadvertent error in the preparation of her bankruptcy petition. For the foregoing reasons, Plaintiffs respectfully request that this Court deny Defendant's Motion for Summary Judgment as to Ms. Kee's claims.

RESPECTFULLY SUBMITTED,

Legal Helpers, P.C.

By:/*s/ Richard J. Meier*
Richard J. Meier
233 S. Wacker Drive, Suite 5150
Chicago, IL 60606
Tel: 1.866.339.1156
Fax: 1.312.822.1064
rjm@legalhelpers.com
*Attorney for Plaintiffs*

**CERTIFICATE OF SERVICE**

  I hereby certify that a copy of the foregoing Plaintiffs' Response to Defendant's Motion for Partial Summary Judgment was filed electronically and that notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

                   */s/ Richard J. Meier*