1

**Honorable Robert J. Bryan**

2

3

4

5

6

IN THE UNITED STATES DISTRICT COURT

7

WESTERN DISTRICT OF WASHINGTON AT TACOMA

8

9     Angela Kee, et al.                        )
                                                )     No.  C09-5130 RJB
10              Plaintiffs,                      )
                                                )
11                                              )     *REPLY* TO PLAINTIFF
      v.                                        )     KEE'S RESPONSE TO
12                                              )     DEFENDANT'S MOTION
      Evergreen Professional Recoveries, Inc.   )     FOR SUMMARY JUDGMENT
13                                              )     AND MOTION TO STRIKE
                                                )
14              Defendant.                       )
                                                )
15    _____       )

16

17                                  **I.**
                              **MOTION TO STRIKE**
18                            **AND LIMITED WAIVER**

19

20    A.      UNSUPPORTED "FACTS" SHOULD BE STRICKEN

21          Kee's Memorandum begins with a section entitled "Brief Statement of Facts"; the

22    section contains three paragraphs of allegations from the Complaint, the only cites given are

23
      to the Complaint.  Dkt. #16, pgs 2-3.  Kee does not submit an affidavit or declaration to
24
      support her Memorandum.  Allegations are not "facts" where such are not supported by any
25

26    REPLY TO PLAINTIFF KEE'S                          Luke, Casteel & Olsen, PSC
      RESPONSE TO DEFENDANT'S                           3400 188th Street SW, Suite 484
27    MOTION FOR SUMMARY JUDGMENT                       Lynnwood, WA 98037
      AND MOTION TO STRIKE - 1                          425-744-0411
28    C09-5130 RJB                                      425-771-3490 (Facsimile)

1
2
3
4

declaration of personal knowledge.  ER 602.  In the context of summary judgment, the non-moving party cannot simply rely upon the allegations in the pleadings.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 2554, 91 L.Ed. 2d 265 (1986); CR 56(e).

5

Thus, the 'Statement of Facts' should either be stricken, or not considered as evidence in

6

opposition to Defendant's Motion.

7
8

        B.      HEARSAY WITHIN DECLARATION

9

        Toward the end of paragraph 3 of the "Statement of Facts", it is argued that the

10

"omission (of the FDCPA claim). . . was corrected on June 17, 2009, with the bankruptcy

11
12

trustee's knowledge and assent."  Dkt. #16 at pg 3.  The only cite given for this assertion is

13

counsel's declaration, (Dkt. #16-2) which states at paragraph 7:

14

          Between June 17, 2009 and June 24, 2009, Ms. Kee's bankruptcy attorney, bankruptcy trustee, and I, communicated several times to

15
16

amend Ms. Kee's bankruptcy petition to both disclose her FDCPA claims and use the remaining exemptions to protect them from becoming part of the bankruptcy estate.

17
18

Decl of Counsel, Dkt. #16-2, pg 1.

19

        This portion of counsel's declaration is necessarily founded upon hearsay and

20
21

furthermore the allegation that the trustee "assented" to this course of conduct is without

22

support.  ER 802.  Paragraph 7 of the Declaration should be stricken as to allegations outside

23

of counsel's personal knowledge.

24
25

26

REPLY TO PLAINTIFF KEE'S
RESPONSE TO DEFENDANT'S

27

MOTION FOR SUMMARY JUDGMENT
AND MOTION TO STRIKE - 2

28

C09-5130 RJB

Luke, Casteel & Olsen, PSC
3400 188th Street SW, Suite 484
Lynnwood, WA 98037
425-744-0411
425-771-3490 (Facsimile)

C.      LIMITED WAIVER OF ATTORNEY-CLIENT PRIVILEGE

In Counsel's declaration, he states:

> On or around August 29, 2008, Ms. Kee's bankruptcy file with Legal
> Helpers was noted to reflect that Ms. Kee had potential claims for
> violations of the FDCPA. The notation directed Ms. Kee's bankruptcy
> attorney to contact her FDCPA attorney's (sic) when preparing Ms.
> Kee's bankruptcy petition.

> On February 13, 2009, Ms. Kee's bankruptcy attorney filed her Chapter
> 7 bankruptcy petition without conferring with Ms. Kee's FDCPA
> attorneys.

Dkt. #16-2, pg 1, paragraph 2-3

Offering an attorney's testimony concerning matter learned in the course of his

employment waives the attorney-client privilege.  8 J. Wigmore, Evidence 2327, at 637-38

(rev. ed. 1961).

The attorney-client privilege is waived when the privileged information is disclosed

to a third party, *U.S. v. Agnello*, 135 F.Supp.2.d 380, 382 (E.D.N.Y. 201).  *United States v.*

*Mendelsohn*, 896 F.2d 1183 (C.A.9 (Cal.), 1990).  Here, the waiver was made by counsel, not

Kee, but the effect is the same.  Voluntary disclosure of work product to an adversary waives

the attorney-client privilege.  See *Salomon Bros. Treasury Litig. v. Steinhardt Partners, L.P.*,

9 F.3d 230, 235 (2nd Cir. 1993) (citing *United States v. Nobles*, 422 U.S. 225, 239; *In re John*

*Doe Corp.*, 675 F.2d 482, 489 (2d Cir. 1982)).  Privileged communications disclosed to any

third party destroy the confidentiality upon which the privileged is promised. *XZY Corp. v.*

REPLY TO PLAINTIFF KEE'S
RESPONSE TO DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT
AND MOTION TO STRIKE - 3
C09-5130 RJB

Luke, Casteel & Olsen, PSC
3400 188th Street SW, Suite 484
Lynnwood, WA 98037
425-744-0411
425-771-3490 (Facsimile)

1

*United States* (*In re Keeper of Records*), 2003 U.S. App. LEXIS 21388 (1st Cir. 2003) (citing,

2

3

2 Paul R. Rice, Attorney-Client Privilege in the U.S. §9:79, at 357 (2d ed. 1999).

4

Communications between Kee's FDCPA counsel and her Bankruptcy counsel with regard to

5

Kee's FDCPA claims are no longer privileged.

6

7

**II.**
**REPLY**

8

9

A.    KEE CANNOT RELY ON INADVERTENT ERROR

10

1.    No Evidence from Ms. Kee

11

12

Plaintiff Kee argues that judicial estoppel should not apply to bar her claims because

13

the failure to list them was inadvertent error. (Dkt. #16 at pg 4).  As an initial matter, there is

14

no declaration from Ms. Kee filed in support of the "inadvertent error" allegation.  The only

15

declaration filed, is the one from Mr. Meier, Kee's FDCPA counsel.

16

17

However, the relevant inquiry is as to the *debtor's* knowledge and motives.

18

19

A debtor's failure to list a legal claim in bankruptcy is 'inadvertent' only
when, in general, the <u>debtor</u> either lacked knowledge of the undisclosed
claim or had no motive for its concealment.

20

21

*McFarling v. Evaneski*, 141 Wn.App. 400, 405, 171 P.3d 497 (2007) (emphasis added);

22

*Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1287 (11th Cir. 2002).

23

24

Counsel cannot testify as to his client's state of mind.  Fed.  R.  Ev. 602; 802.  As

25

there is no declaration from Ms. Kee, Defendant's Motion for Summary Judgment should

26

REPLY TO PLAINTIFF KEE'S                                    Luke, Casteel & Olsen, PSC
RESPONSE TO DEFENDANT'S                              3400 188th Street SW, Suite 484

27

MOTION FOR SUMMARY JUDGMENT                Lynnwood, WA 98037
AND MOTION TO STRIKE - 4                            425-744-0411

28

C09-5130 RJB                                                      425-771-3490 (Facsimile)

1    be granted.

2        2.    Knowledge of Kee

3

4    The only competent evidence before the Court as to Kee's knowledge are the following

5    undisputed facts:

6    -Ms. Kee knew she had an FDCPA claim for which she demanded $10,000 in

7    September of 2008;

8

9    -In February, 2009 she filed her Chapter 7 Petition, did not disclose a $10,000 claim,

10   and declared under oath that she had exempt assets of $0.00 and no assets other than

11   those listed;

12

13   -Between March and April the Trustee made a diligent inquiry into the financial affairs

14   of Ms. Kee and found no assets other than those listed in the Petition;

15   -In June the Bankruptcy court, based on the Trustee's Report of No Distribution,

16   granted the debtor a discharge, approved the Report, closed the case and discharged

17

18   the Trustee from further duties;

19   -Defendant's sent a letter to Kee's counsel requesting dismissal;

20   -Kee then filed, through counsel, Amended Schedules which listed her FDCPA claim

21   with a value of $3,000

22

23   Dkt. # 15 and Exhibits attached thereto.

24   While it is argued that "inadvertent error" is to blame for the FDCPA claim not being

25

26   REPLY TO PLAINTIFF KEE'S                    Luke, Casteel & Olsen, PSC
     RESPONSE TO DEFENDANT'S                    3400 188th Street SW, Suite 484
27   MOTION FOR SUMMARY JUDGMENT                Lynnwood, WA 98037
     AND MOTION TO STRIKE - 5                   425-744-0411
28   C09-5130 RJB                               425-771-3490 (Facsimile)

listed in the Chapter 7 petition, there is no explanation for why the claim was not later disclosed. Four months passed after the Petition was filed, during which time there was a 341 meeting of creditors and a diligent inquiry by the Trustee into Ms. Kee's financial affairs. [see Dkt.#15, Exhibit 3, pg 3 (Bankruptcy Petition #09-40947PBS, Trustee's Report)]. He found $0.00 exempt assets.

Moreover, there is no contrary evidence of the Trustee's knowledge because counsel cannot testify for the Trustee. The Bankruptcy court relied on the Trustee's Report when granting a discharge and closing the case. It has not been reopened.


3.      Motive for Concealment

Where a debtor derives a benefit from nondisclosure of a claim, judicial estoppel bars recovery on the claim; Intent to mislead is not an element. *Skinner v. Holgate*, 141 Wn.App., 173 P.3d 300 (2007); *Cunningham v. Reliable Concrete Pumping, Inc.*, 126 Wn.App.222 at 234, 108 P.3d 147 (2005). In *Skinner*, the court described the debtor's Chapter 7 discharge as the benefit derived by Mr. Skinner, and that his motive to conceal his claim was "obvious" *Skinner* at 854.

It is noteworthy that the court in *Skinner* was unpersuaded by his "inadvertence error" argument, despite the fact that Mr. Skinner was a pro se debtor and claimed he was not familiar with the concept of contingent or unliquidated claims and had been assisted by a

REPLY TO PLAINTIFF KEE'S
RESPONSE TO DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT
AND MOTION TO STRIKE - 6
C09-5130 RJB

Luke, Casteel & Olsen, PSC
3400 188th Street SW, Suite 484
Lynnwood, WA 98037
425-744-0411
425-771-3490 (Facsimile)

1    paralegal in filling out the forms.  *Id.* at 853.

2
3            As in *Skinner*, Kee's motive to conceal is obvious: nondisclosure of an alleged $10,000

4    claim while discharging over $19,000 worth of debt.  The explanation of "clerical error" is not

5    sufficient to prevent the application of judicial estoppel.  *Skinner* at 853-54.

6

7
8            B.        AVAILABILITY OF EXEMPTIONS IS  IRRELEVANT

9            *McFarling v. Evaneski*,  *supra*,  is instructive on the issue of the relevancy of

10   exemptions.  Mr. McFarling argued precisely the same theory as Kee put forth in her response

11
12   brief: that sufficient exemptions existed to place the claim beyond the reach of her creditors.

13           Mr. McFarling reasoned that judicial estoppel should not apply to bar his claim because

14   his claim would have fallen within his bankruptcy exemption, therefore the creditors would

15   not have received any portion of the funds.  *McFarling* at 407.  The court strongly disagreed

16   with his theory, stating:

17

18                   The purpose of judicial estoppel is to encourage respect for the court
                     and to protect the integrity of the judicial process . . . it avoids
19                   inconsistency, duplicity, and waste of time[.]  Whether Mr. McFarling
                     would have had an applicable bankruptcy exemption is irrelevant to our
20                   inquiry.

21

22   *McFarling* at 407. (internal citations omitted; emphasis added)

23           As in *McFarling*, the issue here is Kee's knowledge, contradictory positions, and the

24
25   benefit she received through discharge of her debts; the argument that she could have

26   REPLY TO PLAINTIFF KEE'S                                    Luke, Casteel & Olsen, PSC
     RESPONSE TO DEFENDANT'S                                    3400 188th Street SW, Suite 484
27   MOTION FOR SUMMARY JUDGMENT                                Lynnwood, WA 98037
     AND MOTION TO STRIKE - 7                                   425-744-0411
28   C09-5130 RJB                                               425-771-3490 (Facsimile)

1   exempted the FDCPA claim is wholly irrelevant to the estoppel inquiry.

2

3                                          **III.**
                                    **CONCLUSION**
4

5        The Response Memorandum and Declaration of Kee's Counsel should be stricken in

6   part, based on hearsay and unsupported allegations.  Kee has not submitted any competent

7
    evidence to support an "inadvertent error" exception to judicial estoppel.  Defendant's Motion
8
    should be granted.
9

10                      DATED THIS  14th day of August, 2009.

11

12                                         LUKE, CASTEEL & OLSEN, PSC

13
                                           /s/ Kimberlee Walker Olsen
14                                         Kimberlee Walker Olsen, WSBA # 28773
                                           Attorney for Defendant
15

16

17

18

19

20

21

22

23

24

25

26   REPLY TO PLAINTIFF KEE'S                    Luke, Casteel & Olsen, PSC
     RESPONSE TO DEFENDANT'S                     3400 188th Street SW, Suite 484
27   MOTION FOR SUMMARY JUDGMENT                 Lynnwood, WA 98037
     AND MOTION TO STRIKE - 8                    425-744-0411
28   C09-5130 RJB                                425-771-3490 (Facsimile)

1

CERTIFICATE OF SERVICE

2

3

4

I, Kimberlee Walker Olsen, certify that on August 14, 2009, I electronically sent, via ECF,

true and correct copies of:

5

6

    1.      Reply to Plaintiff Kee's Response to Defendant's Motion for Summary

7
            Judgment and Motion to Strike.

8

to the following:

9

       Richard J. Meier, rjm@legalhelpers.com

10
       Lawrence Lofgren, llo@legalhelpers.com
       Attorneys for Plaintiffs Kee and Gustin

11

12

                    /s/ Kimberlee Walker Olsen

13

Z:\Client Files\KWO\Evergreen Prof Recov\Kee .02\reply to pltf kees resp to def msj.wpd

14

15

16

17

18

19

20

21

22

23

24

25

26   REPLY TO PLAINTIFF KEE'S                   Luke, Casteel & Olsen, PSC

     RESPONSE TO DEFENDANT'S               3400 188th Street SW, Suite 484
27   MOTION FOR SUMMARY JUDGMENT        Lynnwood, WA 98037

     AND MOTION TO STRIKE - 9               425-744-0411
28   C09-5130 RJB                            425-771-3490 (Facsimile)