UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ANGELA KEE, and ANGELA GUSTIN,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>EVERGREEN PROFESSIONAL RECOVERIES, INC.,<br><br>　　　　　Defendant. | Case No. 09-5130RJB<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT |

This matter comes before the Court on Defendant's Motion for Partial Summary Judgment (Dkt. 14). The Court has considered the relevant documents and the remainder of the file herein.

**I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On March 9, 2009, the Plaintiff filed a Complaint (Dkt. 1) alleging various violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, et seq., and invasion of privacy. (Dkt. 1 at 4). Prior to this action, Ms. Kee filed a Chapter 7 Bankruptcy petition in Federal Bankruptcy Court on February 13, 2009. (Dkt. 14 at 2). It was noted by Plaintiff's counsel that she had a potential claim for violations of the FDCPA as early as August 29, 2008. (Dkt. 16-2 at 1). In fact, Ms. Kee's attorney sent a demand letter regarding the FDCPA claims to Defendant on September 26, 2008. (Dkt. 16, p. 2 & Dkt. 15, p. 4).

ORDER - 1

     In Ms. Kee's bankruptcy proceeding, she listed over $12,000 in unsecured debt, including her debt to Defendant, but did not list an FDCPA claim or any other cause of action as an asset. The Trustee in bankruptcy filed a No Distribution Report on April 28, 2009, and Plaintiff was discharged in bankruptcy of her debts on June 2, 2009. The bankruptcy case was closed on June 8, 2009. (*See* Dkt. 15, exhs. 2, 3 & 5 for copies of Ms. Kee's bankruptcy case files.)

     On June 17, 2009, Defendant's counsel wrote Ms. Kee's counsel and requested that she voluntarily dismiss her claims based on judicial estoppel because Plaintiff Ms. Kee did not list her potential claims on her bankruptcy schedule. (Dkt. 14 at 2). Ms. Kee subsequently, on June 17, 2009, filed an Amended Schedule listing the value of her FDCPA claim at $3,000. (Dkt. 15, exh. 5). This late filing had no effect on the already closed bankruptcy proceedings. Ms. Kee's failure to list her claims against defendant deprived her creditors of the possibility of recovering some part of their claims against Ms. Kee from her claim against defendant here.

## II. DISCUSSION

     Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the non moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)(nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). *See also* Fed.R.Civ.P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Service Inc. v. Pacific Electrical Contractors Association*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254, *T.W. Elect. Service Inc.*, 809 F.2d at 630. The court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elect. Service Inc.*, 809 F.2d at 630 (relying on *Anderson, supra)*. Conclusory, non specific statements in affidavits are not sufficient, and "missing facts" will not be "presumed." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888-89 (1990).

Judicial estoppel is an equitable doctrine that precludes a party from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position. *Hamilton v. State Farm Fire & Casualty Company*, 270 F.3d 778, 782 (9th Cir. 2001) (*citing Rissetto v. Plumbers & Steamers Local 343*, 94 F.3d 597 (9th Cir. 1996)). Judicial estoppel is invoked because of general considerations of the orderly administration of justice and regard for the dignity of judicial proceedings. *Id*. Because the rule is intended to prevent improper use of judicial machinery, judicial estoppel is an equitable doctrine invoked by a court at its discretion. *New Hampshire v. Maine*, 532 U.S. 742, 750, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001)(*citing Russell v. Rolfs*, 893 1033, 1037 (9th Cir. 1990)).

In *New Hampshire*, the United States Supreme Court listed three factors that courts may consider in determining whether to apply the doctrine of judicial estoppel. *New Hampshire*, 532 U.S. at 751. First, a party's later position must be "clearly inconsistent" with its earlier position. *Id*. Second, courts regularly inquire whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create "the perception that either the first or the second court was misled. *Id*. Third, whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped. *Id*. Although the Supreme Court enumerated three factors, they also stated that it does not establish inflexible

ORDER - 3

prerequisites or an exhaustive formula for determining the applicability of judicial estoppel. *Id*. Additional considerations may inform the doctrine's application in specific factual contexts. *Id*.

In the bankruptcy context, a party is judicially estopped from asserting a cause of action not raised in a reorganization plan or otherwise mentioned in the debtor's schedules or disclosure statements. *Hamilton*, 270 F.3d at 783. Judicial estoppel will be imposed when the debtor has knowledge of enough facts to know that a potential cause of action exists during the pendency of the bankruptcy, but fails to amend his schedules or disclosure statements to identify the cause of action as a contingent asset. *Hamilton*, 270 F.3d at 784.

In this case, Defendant argues that Plaintiff Angela Kee is judicially estopped from pursuing her claims in this action because she asserted inconsistent positions in two proceedings; this action and a prior bankruptcy action. Defendant states that Ms. Kee did not list a FDCPA claim or any other cause of action in her bankruptcy schedule, even though she knew of the potential claims prior to her Chapter 7 petition filing on February 13, 2009.

Plaintiff responds that the failure to list this action on Ms. Kee's bankruptcy schedule was an inadvertent error. Plaintiff also argues that Ms. Kee had no motivation to assert an inconsistent position since the results of her bankruptcy would not have changed if she did include her potential claims. Defendant replies that Ms. Kee cannot rely on inadvertent error since she presented no evidence of the inadvertence; she had knowledge of her potential claims; and she had motive for concealment. It also appears that the effect of including her claim as an asset in the bankruptcy is not now knowable.

Plaintiff argues that "under Washington's laws, judicial estoppel does not apply in cases of inadvertent error." While Washington law may apply to Ms. Kee's Invasion of Privacy claim, it does not apply to her FDCPA claims, which are federal questions. Therefore, this Court will apply federal judicial estoppel law to the FDCPA claims and Washington State judicial estoppel law to the Invasion of Privacy claim.

**A. Federal Judicial Estoppel**

There is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. It is undisputed that Ms. Kee did not list on her bankruptcy schedule her pending

ORDER - 4

1  FDCPA case. It is undisputed that Ms. Kee did not amend her bankruptcy schedule until after her
2  discharge. Finally, it is undisputed that the bankruptcy court accepted Ms. Kee's position that she
3  did not have any pending claims.

4        Under the analysis laid out in *Hamilton* and *New Hampshire*, judicial estoppel should
5  apply in this situation. First, Ms. Kee's position that she did not have any pending claims in her
6  bankruptcy proceeding is clearly inconsistent with her current position. Second, the bankruptcy
7  court accepted her position, and that acceptance creates the perception that either the first or the
8  second court was misled. Third, the court is persuaded that Ms. Kee would derive an unfair
9  advantage or impose an unfair detriment on the opposing party if not estopped. Her FDCPA claim
10 that might have been available to her creditors is no longer available to them. In other words, Ms.
11 Kee has protected her claim from her creditors in the bankruptcy case, and now wants to realize
12 on her claim for her benefit. As stated in *Hamilton*, *supra*, a party is judicially estopped from
13 asserting a cause of action not raised in a reorganization plan. Ms. Kee did not list in her
14 bankruptcy schedule her potential claims and did not amend her schedules until after the
15 bankruptcy court accepted her statements. Therefore, Ms. Kee's FDCPA claims should be
16 judicially estopped.

17 **B. Washington State Judicial Estoppel**

18       Under Washington law, judicial estoppel may not apply to cases of simple error or
19 inadvertence. *Skinner v. Holgate*, 141 Wash. App. 840, 853-54, 173 P.3d 300 (2007). It is
20 inadvertent when the debtor either lacks knowledge or has no motive for their concealment. *Id*.
21 Courts may generally apply judicial estoppel to debtors who fail to list a potential legal claim
22 among their assets during bankruptcy proceedings and then later pursue the claims after the
23 bankruptcy discharge. *McFarling v. Evaneski*, 141 Wash. App. 400, 404, 171 P.3d 497 (2007).
24       As noted above, it is undisputed that Ms. Kee amended her bankruptcy schedule after
25 being discharged. It is also undisputed that Ms. Kee knew that she had potential claims against
26 Defendant before she filed for bankruptcy. While the Plaintiff argues that not listing this action in
27 Ms. Kee's bankruptcy schedule was inadvertent, the Plaintiff does not present evidence to support
28 that assertion, except for the declaration filed by her FDCPA attorney. Ms. Kee has not

ORDER - 5

1 submitted her own affidavit, nor have the trustee or Ms. Kee's bankruptcy attorney done so.
2 Conclusory, non specific statements in affidavits are not sufficient, and "missing facts" will not be
3 "presumed." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888-89 (1990). There is no
4 other evidence except the self-serving declaration by Plaintiff's counsel. Since there is no
5 evidence to the contrary, Ms. Kee's error in not listing her potential claims in her bankruptcy
6 schedule is not in genuine dispute. There is no adequate proof of "simple error or inadvertence."
7 Therefore, Ms. Kee should be judicially estopped from asserting her invasion of privacy claim.

There is no genuine issue of material fact. It is undisputed that Plaintiff Ms. Kee did not list this cause of action on her bankruptcy schedule; that she knew of the potential claims before filing for bankruptcy; that bankruptcy court accepted her position; and that her omission was not inadvertent. The Defendant is entitled to judgment as a matter of law to all of Ms. Kee's claims. Defendant's motion for partial summary judgment should be granted.

### III. ORDER

For the foregoing reasons, it is hereby ORDERED:

(1) The Defendant's Motion for Partial Summary Judgment (Dkt. 14) is **GRANTED**; and

(2) Plaintiff Angela Kee is dismissed from the case.

DATED this 19th day of August, 2009.

*/s/ Robert J Bryan*
Robert J Bryan
United States District Judge

ORDER - 6