**Honorable Robert J. Bryan**

# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| Angela Kee )<br>5312 S. Cedar St. )<br>Tacoma, WA  98409 )<br>)<br>and )<br>)<br>Angela Gustin )<br>7827 S. Ainsworth Ave. )<br>Tacoma, WA 98408 )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>Evergreen Professional Recoveries, Inc., )<br>)<br>Defendant. )<br>_____ ) | No.  C09-5130 RJB<br><br>DEFENDANT'S MOTION FOR<br>FEES AND COSTS<br><br><br><br><br>NOTED FOR FRIDAY<br>SEPTEMBER 11, 2009 |

Comes Now, Evergreen Professional Recoveries, Inc., and moves for the following relief:

DEFENDANT'S MOTION FOR
FEES AND COSTS - 1
CASE NO. C09-5130 RJB

Luke, Casteel & Olsen, PSC
3400 188th Street SW, Suite 484
Lynnwood, WA 98037
425-744-0411
425-771-3490 (Facsimile)

Case 3:09-cv-05130-RJB    Document 20    Filed 08/27/2009    Page 2 of 7

# I.
# RELIEF REQUESTED

On August 19th, this court granted Evergreen's Motion for Partial Summary Judgment dismissing of all of Plaintiff Kee's claims. Dkt. #18  Evergreen now requests attorney fees and costs pursuant to Rule 11, 15 U.S.C. § 1692K and FRCP 54(d)(2).

# II.
# AUTHORITY

A.  <u>Fees under §1692K</u>

Plaintiff Kee sued Defendant under the FDCPA, which provides:

> On a finding by the court that the action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs.

15 U.S.C. § 1692K(a)(3)

Plaintiff Kee knew, at the time she filed this FDCPA action, that she had already filed a Chapter 7 Petition which did not disclose to the Court, Trustee or her creditors that she alleged a $10,000 damage claim against Defendant. Moreover, she

DEFENDANT'S MOTION FOR
FEES AND COSTS - 2
CASE NO. C09-5130 RJB

Luke, Casteel & Olsen, PSC
3400 188th Street SW, Suite 484
Lynnwood, WA 98037
425-744-0411
425-771-3490 (Facsimile)

made no attempt to amend her schedules until after she received a discharge and Defense counsel requested she dismiss voluntarily. Finally, she failed to dismiss her claims voluntarily, yet did not submit an affidavit or declaration showing inadvertent error or a good faith reason for her conduct.

The Court should award fees to Defendants under §1692k(a)(3) based on Kee's bad faith filing of her FDCPA claims and refusal to voluntarily dismiss.

B. <u>Fees under Rule 11</u>

Rule 11(b) of the Federal Rules of Civil Procedure requires that in all representations to the court an attorney conduct "an inquiry reasonable under the circumstances." FRCP 11(b). Under Rule 11, a court can impose an "appropriate sanction upon the attorneys, law firms or parties." FRCP 11(c).

Rule 11 also provides that attorneys presenting pleadings, motions or other papers (i.e. response and reply briefs) are "certifying that to the best of the person's knowledge, information and belief" that the documents are not being presented for an improper purpose, such as . . . to cause unnecessary delay or needless increase in the cost of litigation, [FRCP 11(b)(1)] and further certifying that "the allegations and other factual contentions have evidentiary support[.]" FRCP 11(b)(3).

DEFENDANT'S MOTION FOR
FEES AND COSTS - 3
CASE NO. C09-5130 RJB

Luke, Casteel & Olsen, PSC
3400 188th Street SW, Suite 484
Lynnwood, WA 98037
425-744-0411
425-771-3490 (Facsimile)

The record herein contains ample evidence that (1) this suit was filed without sufficient inquiry by FDCPA counsel as to whether Ms. Kee had disclosed her claims to the bankruptcy court, (2) Legal Helpers, P.C. was the law firm assisting Ms. Kee with her Bankruptcy as well as this FDCPA case, (3) Ms. Kee made contradictory representations to two different courts, and, most egregious (4) Ms. Kee and her counsel chose to keep perpetuating the misrepresentation after receiving Defense counsel's letter requesting dismissal, and even after the summary judgment motion was filed.

It is this last conduct that is the most troubling: Defense counsel gave Ms. Kee's counsel written notice in June that Defendant would request fees pursuant to Rule 11 if Kee's claims were not voluntarily dismissed. Dkt. #15, Ex. 4. Ms. Kee and her counsel should have voluntarily dismissed her claims, or, her counsel should have withdrawn rather than proceed with discovery and opposition to the motion.

In response to that letter, Amended Schedules were filed in her closed bankruptcy case. Kee then prepared and served discovery. Decl. of Counsel in Support of Fees and Costs, Ex. 1.

By refusing to voluntarily dismiss, serving discovery, filing amended schedules

DEFENDANT'S MOTION FOR
FEES AND COSTS - 4
CASE NO. C09-5130 RJB

Luke, Casteel & Olsen, PSC
3400 188th Street SW, Suite 484
Lynnwood, WA 98037
425-744-0411
425-771-3490 (Facsimile)

["

and opposing the Motion for Summary Judgment, Ms. Kee and her counsel caused Defendant to incur an additional $2,609.00 in attorney fees. A total of $3,198.64 in attorney fees and costs has been incurred through August 19, 2009; and another $570.00 has been incurred preparing this motion.

In *Terran v. Kaplan*, 109 F.3d 1428 (9th Cir., 1997), the Ninth Circuit upheld a district court's order awarding fees and costs pursuant to Rule 11. In *Terran*, the Plaintiff had filed his claims without the reasonable inquiry required. By doing so, Kaplan was compelled to prepare a defense to the invalid claims; Rule 11 sanctions were therefore proper. *Terran*, 109 F.3d 1428.

Similar to *Terran*, Kee's claims should not have been filed in light of the original bankruptcy schedules demonstrating no claims or suits. This should have been known to counsel as Legal Helpers, P.C. represented Kee in both cases. Moreover, once the June notice was served on Kee's counsel, counsel had a duty to make reasonable inquiry before continuing with Kee's claims. Instead of dismissing or withdrawing, both Ms. Kee and her counsel actively pursued the inconsistent positions serving discovery and opposing the Motion for Partial Summary Judgment.

Notably, only a self serving declaration of counsel was offered in opposition to

DEFENDANT'S MOTION FOR
FEES AND COSTS - 5
CASE NO. C09-5130 RJB

Luke, Casteel & Olsen, PSC
3400 188th Street SW, Suite 484
Lynnwood, WA 98037
425-744-0411
425-771-3490 (Facsimile)

Summary Judgment, which nonetheless forced Defendant to prepare and file a Reply.

### III.
### CONCLUSION

Defendant requests attorney fees pursuant to §1692K and Rule 11 in an amount to be determined by this court.

DATED THIS 27th day of August, 2009.

                                LUKE, CASTEEL & OLSEN, PSC

                                /s/ Kimberlee Walker Olsen
                                Kimberlee Walker Olsen, WSBA # 28773
                                Attorney for Defendant

DEFENDANT'S MOTION FOR
FEES AND COSTS - 6
CASE NO. C09-5130 RJB

Luke, Casteel & Olsen, PSC
3400 188th Street SW, Suite 484
Lynnwood, WA 98037
425-744-0411
425-771-3490 (Facsimile)

CERTIFICATE OF SERVICE

I, Kimberlee Walker Olsen, certify that on August 27, 2009, I electronically sent, via ECF, true and correct copies of:

1. Defendant's Motion for Fees and Costs/Note on Motion Calendar;
2. Declaration of Defendant's Counsel in Support of Fees and Costs; and
3. [Proposed] Order Granting Defendants' Motion for Fees and Costs

to the following:

> Lawrence S. Lofgren, Richard John Meier
> Legal Helpers
> llo@legalhelpers.com
> rjm@legalhelpers.com

C:\Wordperfect\Client Files\KWO\Evergreen Prof Recov\Kee.02\def motion for fees and costs.wpd

DEFENDANT'S MOTION FOR
FEES AND COSTS - 7
CASE NO. C09-5130 RJB

Luke, Casteel & Olsen, PSC
3400 188th Street SW, Suite 484
Lynnwood, WA 98037
425-744-0411
425-771-3490 (Facsimile)