**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**TACOMA DIVISION**

| | |
|---|---|
| Angela Kee, et al., | **Case No 3:09-cv-05130-RJB** |
| Plaintiffs, | |
| v. | |
| Evergreen Professional Recoveries, Inc., | **PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION FOR FEES AND COSTS** |
| Defendant. | |

Now come Plaintiffs, by and through counsel, and respectfully submits their response to Defendant's Motion for Fees and Costs. Defendant's Motion must be denied since Defendant cannot show that Plaintiff's claims were filed in bad faith and for purposes of harassment, and Defendant failed to serve its Rule 11 motion 21-days before filing it with the Court. Further reasons are included in the attached Memorandum in Support.

RESPECTFULLY SUBMITTED,

Legal Helpers, P.C.

By:   */s/ Richard J. Meier*
      Richard J. Meier
      Lawrence S. Lofgren
      233 S. Wacker Drive, Suite 5150
      Chicago, IL 6060
      Tel: 1.866.339.1156
      Fax: 1.312.822.1064
      rjm@legalhelpers.com
      llo@legalhelpers.com
      *Attorneys for Plaintiff*

**MEMORANDUM IN SUPPORT**

**I-   INTRODUCTION**

On March 11, 2009, Plaintiffs filed the above-captioned matter against Defendant for violations of the Fair Debt Collection Practices Act ("FDCPA").  On June 2, 2009, Plaintiff Angela Kee obtained a discharge of her debts through bankruptcy but her petition inadvertently failed to list the FDCPA claims.  And, on August 19, 2008, this Court dismissed Plaintiff Angela Kee's claims in the above-captioned matter due to this error.

With this Motion, Defendant seeks attorney fees and costs under 15 U.S.C. §1692k and Fed. R. Civ. P. 11 but fails to meet the criteria required to recover fees and costs under those rules.  Defendant's Motion is regurgitated from *Allers-Petrus v. Columbia Recovery Group, LLC*, 2009 WL 799676 (W.D. Wash 2009)[1], where it was denied, and there are no additional facts to suggest it should be granted in this case.

**II-   LAW AND DISCUSSION**

    **A-   Defendant Is Not Entitled To Recover Its Attorney Fees And Costs Under 15 U.S.C. §1692k Since Plaintiff's Lawsuit Was Not Brought In Bad Faith And For Purposes Of Harassment**

Under the FDCPA, "[o]n a finding by the court that an action…was brought in bad faith <u>and</u> for purpose of harassment, the court may award to the defendant attorney fee's reasonable in relation to the work expended and costs."  15 U.S.C. §1692k(3) (emphasis added).  For an award of fees and costs to the defendant in an FDCPA action, "there must be evidence that the plaintiff knew that [her] claim was meritless and that plaintiff pursued [her] claims with the purpose of harassing the defendant." *Allers-Petrus v. Columbia Recover, LL*, 2009 WL 1160061 at *1

---

[1] Exhibit A

(W.D. Wash)[2]; *see also Gorman v. Wolpoff & Abramsom, LLP*, 435 F. Supp.2d 1004 (N.D. Cal. 2006); *Jacobson v. Healthcare Financial Services, Inc.*, 434 F. Supp.2d 133, 140-41 (E.D.N.Y. 2006). For an award of fees and costs to be appropriate under this section, "it is not enough that plaintiff's case is ultimately dismissed. *Mendez v. Apple Bank for Savings*, 143 Misc.2d 915, 920 (N.Y.City Civ. Ct. 1989). Instead, Defendant must <u>establish</u> "that Plaintiff's complaint was <u>filed in bad faith and for the purpose of harassment in the context of the motion for an award of attorneys' fees.</u>" *Allers-Petrus*, 2009 WL 1160061 at * 1 (emphasis added); *see also Morrison Knudsen Corp. v. Firemans' Funds Ins. Co.*, 175 F.3d 1221, 1246 (10th Cir. 1999); *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1211 (5th Cir, 1985).

In the case at hand, Defendant presents no evidence that the claim was filed in bad faith and for the purposes of harassment. In dismissing her claims, the Court only found that Plaintiff Angela Kee's was procedurally barred from pursuing her claims due to the judicial estoppel doctrine. The Court did not rule on the merits. Since the Court never reached the merits of this action and Defendant cannot show that the Complaint was filed in bad faith and for purposes of harassment, Defendant is not entitled to an award of attorney fees and costs under the FDCPA. *Allers-Petrus*, 2009 WL 1160061 at * 1; *see also Morrison Knudsen Corp. v. Firemans' Funds Ins. Co.*, 175 F.3d 1221, 1246 (10th Cir. 1999); *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1211 (5th Cir, 1985).

> **B- Defendant Is Not Entitled to Recover Its Attorney Fees And Costs Under Federal Rule Of Civil Procedure 11 Since Defendant Did Not Abide By The Safe Harbor Provision**

Federal Rule of Civil Procedure 11 "imposes a duty on attorneys to certify by their signature that (1) they have read the pleadings or motions they filed and (2) the pleading or

---

[2] Exhibit B

motion is "well-grounded in fact," and has a colorable basis in law, and is not filed for an improper purpose." *Allers-Petrus*, 2009 WL 1160061 at * 2; *see also Smith v. Ricks*, 31 F.3d 1478, 1488 (9th Cir. 1994). Rule 11 is intended to "to deter attorneys from violating their certification that any pleading, motion or other paper presented to the court is supported by an objectively reasonable legal and factual basis; no showing of bad faith or subjective intent is required." *Allers,* 2009 WL 1160061 at *2.

Before a party can file a motion for attorney fees and costs under Federal Rule of Civil Procedure 11, however, that party "must serve that motion on the opposing party twenty-one days before filing it with the Court. *Id.*; Fed. R. Civ. P. 11(c)(2). The "twenty-one day 'safe harbor' provision allows the opposing party to cure defects and, ideally, eliminates the need for filing the motion." *Id.* Importantly, "the twenty-one day hold is mandatory, and a Rule 11 motion will be denied for failure to abide by that provision." *Id.*; *Holgate v. Baldwin*, 425 F.3d 671, 678 (9th Cir. 2005); *Retail Flooring Dealers of America, Inc. v. Beaulieu of America, LLC*, 339 F.3d 1146, 1150-51 (9th Cir. 2003).

Here, Defendant failed to comply with the required 21-day period and, therefore, is not entitled to recover any fees or costs under Federal Rule of Civil Procedure 11. In support of its Motion, Defendant argues that Rule 11 entitles it to a recovery because the Rule precludes any paper signed by an attorney or party must be well-grounded in fact, and cites *Terran v. Kaplan*, 109 F.3d 1428 (9th Cir. 1997); however, Defendant presents no evidence that the Complaint is <u>not</u> well-grounded in fact. Regardless, Defendant cannot recover its fees and costs under Rule 11 because it failed to serve its motion 21-days prior to filing it.

### C- The Court Should Consider Acting Sua Sponte Under 28 U.S.C. §1927

Under 28 U.S.C. §1927, "[a]n attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." In *Allers-Petrus*, the Court made the requirements of a motion to recover fees and costs under 15 U.S.C. 1692k and Federal Rule of Civil Procedure 11 very clear. Interestingly, defendant's counsel in *Allers-Petrus*, Luke, Castell & Olsen, PSC, is also Defendant's counsel in this case.

Despite having direct instructions from this Court on the requirements of 15 U.S.C. 1692k and Federal Rule of Civil Procedure 11, Defendant's counsel persisted in filing Defendant's Motion for Attorney Fees and Costs. Defendant's counsel must have known that such a motion was frivolous, and would be unsuccessful. Defendant's Motion consumed this Court's time and forced Plaintiffs to expend resources in responding to it. Accordingly, Plaintiffs respectfully request that this Court consider acting sua sponte, pursuant to 28 U.S.C. 1927, and require Defendant and/or Defendant's counsel to personally satisfy the resources its Motion consumed.

### III-    CONCLUSION

Plaintiffs respectfully request that Defendant's Motion for Fees and Costs be denied. Defendant cannot show that Plaintiff Angela Kee's claims were filed in bad faith or for purposes of harassment. Further, Defendant failed to serve its Motion on Plaintiff 21-days before filing it with the Court, a required element for an award under Federal Rule of Civil Procedure 11. Lastly, Plaintiff respectfully requests, pursuant to 28 U.S.C. §1927, that the Court consider instructing Defendant and Defendant's counsel to personally satisfy the resources its motion

consumed.  In *Allers-Petrus v. Columbia Recovery Group, LLC*, this Court put Defendant's counsel on direct notice of the requirements to recover fees and costs under 15 U.S.C. §1692k and Federal Rule of Civil Procedure 11; nevertheless, Defendant, through its counsel, knowingly filed this Motion without satisfying those requirements.

                              RESPECTFULLY SUBMITTED,

                              Legal Helpers, P.C.

                              By:   */s/ Richard J. Meier*
                                  Richard J. Meier
                                  Lawrence S. Lofgren
                                  233 S. Wacker Drive, Suite 5150
                                  Chicago, IL 6060
                                  Tel: 1.866.339.1156
                                  Fax: 1.312.822.1064
                                  rjm@legalhelpers.com
                                  llo@legalhelpers.com
                                  *Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Plaintiffs' Response to Defendant's Motion for Fees and Costs was filed electronically and that notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

*/s/ Richard J. Meier*