**Honorable Robert J. Bryan**

# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| Angela Kee, et al. ) | |
| ) | No. C09-5130 RJB |
| Plaintiffs, ) | |
| ) | *REPLY* TO PLAINTIFF |
| v. ) | KEE'S RESPONSE TO |
| ) | DEFENDANT'S MOTION |
| Evergreen Professional Recoveries, Inc. ) | FOR ATTORNEY FEES |
| ) | |
| Defendant. ) | |
| _____) | |

**I.**
**REPLY**

A.  FEES SHOULD BE AWARDED UNDER §1692k(3) BECAUSE MS. KEE KNEW HER CLAIMS WERE MERITLESS.

REPLY TO PLAINTIFF KEE'S
RESPONSE TO DEFENDANT'S
MOTION FOR ATTORNEY FEES
C09-5130 RJB          - 1

Luke, Casteel & Olsen, PSC
3400 188th Street SW, Suite 484
Lynnwood, WA 98037
425-744-0411
425-771-3490 (Facsimile)

Fees are awarded to defendants where the court finds the claim was brought in bad faith and for purpose of harassment. 15 U.S.C. §1692k(3). To award fees, there must be evidence that the plaintiff knew her claim was meritless, yet pursued it with the purpose of harassing the defendant. *Gorman v. Wolpoff & Abrahamson, LLP*, 435 F. Supp.2d 1004 (N.D. Cal. 2006). That standard is met under these facts:

- Legal Helpers was counsel for Plaintiff in her Bankruptcy as well as her FDCPA demand in September, 2008, well before this case was filed;

-Legal Helpers and Plaintff knew that she had an FDCPA claim;

-Legal Helpers and Plaintiff did not disclose the FDCPA claim to the bankruptcy court, trustee or creditors in the schedules filed on February 13, 2009;

-Legal Helpers and Plaintiff filed this case on March 9, 2009 knowing that the FDCPA claim had not been disclosed.

Dkt # 15, Exhibits 1, 2.

REPLY TO PLAINTIFF KEE'S
RESPONSE TO DEFENDANT'S
MOTION FOR ATTORNEY FEES
C09-5130 RJB           - 2

Luke, Casteel & Olsen, PSC
3400 188th Street SW, Suite 484
Lynnwood, WA 98037
425-744-0411
425-771-3490 (Facsimile)

A claim that is barred by judicial estoppel is 'meritless' because the claim cannot be pursued. Thus, Kee's filing and pursuit of an FDCPA claim, when she had not previously disclosed that claim in her bankruptcy, make this a bad faith filing. It is not necessary that the court rule on the merits of the FDCPA claims.

It is analogous to a creditor who knowingly files suit against a debtor in violation of an automatic stay, or files suit after the claim has been discharged in bankruptcy. The creditor cannot exempt itself from liability by referring to the underlying merit of the creditor's claims. 11 U.S.C. §362(k)(1). Fees should be awarded against Kee under §1692k(3).

B.  DEFENDANT WITHDRAWS ITS REQUEST FOR FEES UNDER RULE 11

Defendant gave Plaintiff Kee and her counsel written notice of the intent to seek fees and costs under Rule 11 if Kee did not voluntarily dismiss her claims. Dkt. #15, Ex. 4.

The purpose of the safe harbor provision is to give the opposing party or attorney time to withdraw the offending document. Rule 11(c). While Defendant believes that policy was fully met by serving written notice, such notice was not in

REPLY TO PLAINTIFF KEE'S
RESPONSE TO DEFENDANT'S
MOTION FOR ATTORNEY FEES
C09-5130 RJB            - 3

Luke, Casteel & Olsen, PSC
3400 188th Street SW, Suite 484
Lynnwood, WA 98037
425-744-0411
425-771-3490 (Facsimile)

the form of a motion and thus may not support fees under the technical wording of the Rule. Defendant voluntarily withdraws its request under Rule 11 .

C.  FEES UNDER 28 U.S.C. § 1927

Plaintiffs counsel asks that this court act sua sponte and assess fees against Defendant or its counsel because it "knew" the motion was frivolous. As an initial matter, the motion for fees was brought under <u>both</u> 15 U.S.C. §1692k(3) and Rule 11, so the motion was not frivolous. Secondly, Defendant did not "multiply the proceedings . . . unreasonable and vexatiously", but quite the opposite. It gave written notice of the judicial estoppel prior to filing the motion for summary judgment in the hopes that Kee would dismiss her claims and all parties would avoid the additional fees that would follow from motion practice. Rather than voluntarily dismissing her claims, Kee forced Defendant to incur the additional expenses of the summary judgment motion. The only party to this action who unnecessarily increased the cost of litigation was Ms. Kee. No award against Defendant or its counsel is warranted.

**II.**

REPLY TO PLAINTIFF KEE'S
RESPONSE TO DEFENDANT'S
MOTION FOR ATTORNEY FEES
C09-5130 RJB              - 4

Luke, Casteel & Olsen, PSC
3400 188th Street SW, Suite 484
Lynnwood, WA 98037
425-744-0411
425-771-3490 (Facsimile)

**CONCLUSION**

This Court should award fees against Kee under 15 U.S.C. §1692k(3), for filing this case knowing that she had not disclosed the claim to the bankruptcy court.

DATED THIS 11th day of September, 2009.

          LUKE, CASTEEL & OLSEN, PSC

          /s/ Kimberlee Walker Olsen
          Kimberlee Walker Olsen, WSBA # 28773
          Attorney for Defendant

CERTIFICATE OF SERVICE

I, Kimberlee Walker Olsen, certify that on September 11, 2009, I electronically sent, via ECF, true and correct copies of:

    1.    Reply to Plaintiff Kee's Response to Defendant's Motion for Attorney Fees.

to the following:

    Richard J. Meier, rjm@legalhelpers.com

REPLY TO PLAINTIFF KEE'S
RESPONSE TO DEFENDANT'S
MOTION FOR ATTORNEY FEES
C09-5130 RJB         - 5

Luke, Casteel & Olsen, PSC
3400 188th Street SW, Suite 484
Lynnwood, WA 98037
425-744-0411
425-771-3490 (Facsimile)

Lawrence Lofgren, llo@legalhelpers.com
Attorneys for Plaintiffs Kee and Gustin

/s/ Kimberlee Walker Olsen

Z:\Client Files\KWO\Evergreen Prof Recov\Kee.02\reply to pltf kees resp to def motion for fees.wpd

REPLY TO PLAINTIFF KEE'S
RESPONSE TO DEFENDANT'S
MOTION FOR ATTORNEY FEES
C09-5130 RJB                - 6

Luke, Casteel & Olsen, PSC
3400 188th Street SW, Suite 484
Lynnwood, WA 98037
425-744-0411
425-771-3490 (Facsimile)