UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ANGELA KEE, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>EVERGREEN PROFESSIONAL RECOVERIES, INC.,<br><br>    Defendant. | Case No. 09-5130RJB<br><br>ORDER DENYING DEFENDANT'S MOTION FOR FEES AND COSTS |

This matter comes before the Court on Defendant's Motion for Fees and Costs (Dkt. 20). The Court has considered the relevant documents and the remainder of the file herein.

On October 20, 2008, Plaintiff Angela Kee filed a Complaint alleging that the Defendant violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 et seq. (Dkt. 1). On July 24, 2009, Defendant filed a Motion for Partial Summary Judgment regarding Plaintiff Angela Kee (Dkt. 14). The Defendant argued that Ms. Kee was estopped from asserting her FDCPA claims because she never listed the potential claim in her bankruptcy schedule. Dkt. 14. On August 19, 2009, the Court granted Defendant's Motion for Partial Summary Judgment (Dkt. 18). The Defendant now moves for Attorney Fees pursuant to 15 U.S.C. §1692k, Fed.R.Civ.P. 11, and Fed.R.Civ.P. 54(d)(2). Dkt. 20.

The FDCPA, under 15 U.S.C. §1692k, provides for award of attorney's fees as follows:

> On a finding by the court that the action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant

ORDER - 1

1  attorney's fees reasonable in relation to the work expended and costs.

2  15 U.S.C. §1692k(a)(3). The Court made no finding of whether the Plaintiff acted in bad faith or
3  whether the Plaintiff's actions was for the purpose for harassment in its Order granting summary
4  judgment. The Court only stated that the Plaintiff's claims were barred due to judicial estoppel.
5  Since the Court made no such finding regarding the actions of the Plaintiff, and sees no basis for
6  such a finding now, attorney's fees are inappropriate under 15 U.S.C. §1692k. The Defendant
7  also requested attorney's fees under Fed.R.Civ.P. 11, but later withdrew its request for fees. Dkt.
8  25 at 3.

9  Finally, the Plaintiff Angela Kee, in her response to Defendant's motion, suggests the
10 Court act sua sponte under 28 U.S.C. §1927. The referenced code section states as follows:

> Any attorney or other person admitted to conduct cases in any court of the United States... who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. §1927. The Court declines the Plaintiff's suggestion. The Plaintiff has not made an adequate showing that the proceeding was unreasonably and vexatiously multiplied, and the Court does not now conclude that the proceeding was unreasonably and vexatiously multiplied.

For the foregoing reasons, it is hereby **ORDERED**:

The Defendant's Motion for Fees and Costs (Dkt. 20) is **DENIED**.

DATED this 15th day of September, 2009.

*Robert J. Bryan*
Robert J. Bryan
United States District Judge

ORDER - 2